UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>NADHAN INC., *et al*.,<br><br>    Defendants. | Case No. 21-cv-06643-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF LEAVE TO AMEND THE COMPLAINT**<br><br>Re: Dkt. No. 15 |

Defendants have moved to dismiss the complaint. Pursuant to Civil Local Rule 7-9(b), the Court determines that the matter is appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS defendants' motion. Because it is apparent than any leave to amend would be futile, the Court DENIES leave to amend.

**BACKGROUND**

On August 27, 2021, plaintiff Selene Stewart filed a *pro se* employment discrimination complaint against defendants Nadhan Inc. d/b/a Orchard Post-Acute Care (f/k/a Nadhan Inc. d/b/a Windsor House Convalescent Hospital), and Prema Thekkek. The complaint alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*

Plaintiff is a former nurse who worked at Windsor House Convalescent Hospital until she was fired in 2006 after a patient at the hospital died. Plaintiff claims that she was not at fault with regard to the patient's death, and that she experienced racial discrimination and retaliation at Windsor House. After the patient died, the patient's family filed a state court lawsuit against Windsor House and plaintiff, and it appears from the various documents submitted by plaintiff that there were a number of other lawsuits and administrative proceedings related to the patient's death.

1   Plaintiff ultimately lost her nursing license. The current lawsuit claims that defendants
2   discriminated against her and retaliated against her in connection with her 2006 termination. The
3   complaint also describes plaintiff's unsuccessful efforts to reinstate her nursing license, and the
4   complaint references various administrative proceedings before the Board of Vocational Nursing
5   and Psychiatric Technicians.

6   Plaintiff's complaint also references an earlier lawsuit that she filed against these same
7   defendants in 2008, *Selene Stewart v. Windsor House Convalescent Hospital*, Case No. CV 08-0613
8   EDL (N.D. Cal.). In that lawsuit, plaintiff challenged her termination and alleged that defendants
9   had discriminated against her on account of her race. The Court takes judicial notice of the
10  complaint in that case, as well as the November 10, 2008 stipulation of dismissal, and a February
11  26, 2015 order by Magistrate Judge LaPorte. Dkt. Nos. 15-1 to 15-3. In the February 26, 2015
12  order, Judge LaPorte stated that in 2015 plaintiff had filed a new *pro se* complaint in Case No. CV
13  08-0613 alleging, among other things, that the defendants had breached a settlement agreement.
14  Judge LaPorte found that plaintiff's filing was improper as that case was closed, and the order
15  instructed, "If Plaintiff seeks to challenge Defendant's compliance with the terms of the settlement
16  agreement, she must file a new action in the appropriate forum, likely state court as Plaintiff's
17  purported compliant appears to state no basis for federal jurisdiction." Dkt. No. 15-3.

18  On October 4, 2021, defendants moved to dismiss the complaint in this case. Plaintiff did
19  not file an opposition by the due date. In an order filed October 25, the Court ordered plaintiff to
20  show cause why the case should not be dismissed for failure to prosecute. Plaintiff responded to the
21  order to show cause by filing an opposition to defendants' motion, as well as numerous exhibits that
22  appear to be documents from the various lawsuits and administrative proceedings mentioned above.
23  On November 5, defendants filed a reply.

**LEGAL STANDARD**

26  A complaint must contain "a short and plain statement of the claim showing that the pleader
27  is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule
28  12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must

allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendants contend that plaintiff has failed to state a claim because, among other reasons, any claims against defendants regarding plaintiff's 2006 termination are time-barred and were the subject of the 2008 federal lawsuit that plaintiff settled.

In her opposition, plaintiff claims that defendants have breached the settlement agreement from the 2008 lawsuit. Plaintiff also claims that defendants have continued to retaliate against her

3

1   and discriminate against her "with libel, slander, and defamation of character comprising a
2   conspiracy of Nadhan, Inc. in collusion with their own supervisory registered nurse impersonators
3   and the hospice nurse for my entrapment in an ostentatious lawsuit for years resulting in a retaliatory
4   racially biased pursuit by their employees and the hospice nurse to revoke my valid, current, active
5   nursing license in good standing for twenty-five years in the state of California." Opp'n at 2.  Much
6   of plaintiff's opposition is devoted to discussing the events surrounding the patient's death in 2006
7   and the ensuing lawsuits and administrative proceedings.  Plaintiff claims that she has been unable
8   to find employment – nursing or non-nursing – as a result of the revocation of her nursing license,
9   and that she has amassed significant debt as a result of the various legal and administrative
10  proceedings.  Plaintiff also complains about the recent unsuccessful efforts to reinstate her nursing
11  license.

12      The Court concludes that plaintiff has failed to state a claim or any basis for federal
13  jurisdiction, and thus that the complaint should be dismissed.  To the extent that plaintiff is
14  challenging her 2006 termination, that claim is time-barred (and resolved in the 2008 federal
15  lawsuit).  The fact that plaintiff received a right-to-sue letter in 2021 does not mean that her
16  employment claims against defendants are timely.  In addition, plaintiff has not worked for
17  defendants since 2006, so she cannot bring any new Title VII or employment-based claims against
18  them.  To the extent plaintiff claims that defendants have breached the 2008 settlement agreement,
19  that claim does not belong in federal court.  As Judge LaPorte informed plaintiff in the 2015 order,
20  any claims for breach of a settlement agreement (breach of contract) should be filed in state court.
21  Similarly, claims such as libel, slander or defamation of character are all state law claims, and any
22  such claims do not create federal jurisdiction.  To the extent plaintiff complains about the loss of
23  her nursing license and her unsuccessful attempts to reinstate her license, those are matters that must
24  be pursued through the administrative process and/or state court system.

25      Ordinarily, the Court would grant plaintiff leave to amend to have the opportunity to cure
26  the deficiencies of the complaint.  However, it is clear from plaintiff's filings that she is attempting
27  to relitigate her 2008 lawsuit, as well as the various lawsuits and administrative proceedings
28  discussed at length in the complaint, opposition, and exhibits.  Plaintiff may pursue state law claims

4

by filing a lawsuit in state court. None of plaintiff's filings suggest that she could allege a federal claim against her prior employer. Accordingly, leave to amend would be futile.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss and DISMISSES this case without leave to amend.

**IT IS SO ORDERED**.

Dated: November 5, 2021

_____
SUSAN ILLSTON
United States District Judge